HAWTHORNE, Justice
(dissenting).
I dissented from the refusal to grant writs in the cases of Twiggs v. Journeymen Barbers, La.App., 58 So.2d 298, No. 40,896 on our docket, and South La. Chapter, Inc., National Electric Contractors Ass’n v. Muller, our docket No. 41,380, wherein injunctions were granted against labor unions when there had been no compliance with the statutory procedure set out in Act 203 of 1934, R.S. 23:841 et seq., commonly known as the “Little Norris-LaGuardia Act”. Further study has convinced me that those injunctions were wrongfully issued and that this court erred in refusing writs in those cases.
I am of the opinion that the district judge was correct in this case in maintaining the exceptions of prematurity and no cause or right of action because the relator had made no effort to comply with the procedural requirements set out for obtaining injunctive relief in a labor dispute. The majority opinion holds that the relator was relieved from complying with the provisions of the statute because they are unconstitutional. I cannot agree with this conclusion.
The ground for holding the procedural requirements unconstitutional, and the one urged by relator — that they violate our basic law and infringe upon the constitutional prerogatives of the courts^-is not sound in my opinion. In its holding the majority has completely ignored the public policy as set out by the Legislature in R.S. 23 :843 and has substituted its own policy in-the matter of issuance of injunctions in labor disputes. That section provides:
*991 ■ “ * * * the public policy of this State is declared as follows:
“Legal procedure that permits a complaining party to obtain sweeping injunctive relief that is not preceded by or conditioned upon notice to and hearing of the responding party or parties, or that issues after hearing based upon written affidavits alone and not wholly or in part upon examination, confrontation and cross-examination of witnesses in open court, is peculiarly subject to abuse in labor litigation for the reasons that:
“(1) The status quo cannot he maintained but is necessarily altered by the injunction ;
“(2) Determination of issues of veracity and of probability of fact from affidavits of the opposing parties that are contradictory, and, under the circumstances, untrustworthy rather than from oral examination in open court is subject to grave error;
“(3) Error in issuing the injunctive relief is usually irreparable to the opposing party; and
“(4) Delay incident to the normal course of appellate practice frequently makes ultimate correction of error in law or in fact unavailing in the particular case.”
This statement of policy shows that there was no intention on the part of the Legislature to deprive the courts of their authority to grant injunctions to protect employers from the unlawful acts of laborers, but that it intended merely to set up procedures and safeguards to protect laborers from the errors and abuses attendant upon the granting of sweeping injunctive relief to an employer.
Our statute does not prohibit the courts from issuing a temporary restraining order or a temporary or permanent injunction. It merely allows notice of at least 48 hours before the issuance of a restraining order and gives the laborers a right to he heard before the issuance of an injunction. These measures are reasonable to carry out the policy to prevent abuse of the injunctive process in labor disputes.
I think that the policy as announced in the statute is sound, and do not consider that the statute deprives the courts of their power to issue injunctions when it sets up reasonable safeguards to protect laborers from the issuance of injunctions through error and the consequent damage to their rights.
I am at a loss to understand the basis of the holding of the majority that the constitutional right of the relator to due process entitled it to immediate relief, in view of the concession of the majority that the Congress of the United States “was well within its right to effectively prohibit these [Federal] courts from issuing injunctions in labor disputes by the enactment of the Norris-LaGuardia Act”. Our statute is patterned after the Federal statute and contains almost identical procedural requirements. If the right of due process requires that an employer have immediate injunctive *993 relief in labor disputes, the Congress could not have required these aelays for the issuance of injunctions because the Fifth Amendment of the Constitution effectively prohibits the Congress also from enacting legislation denying due process. The Federal statute under the reasoning of the majority, as I appreciate it, would likewise be unconstitutional as denying due process. The answer, of course, is that the Federal statute and our state statute are based on sound policy, and the procedural requirements of those statutes are reasonable ones to effectuate that policy, and there is, therefore, no denial of due process.
The Legislature has from time immemorial regulated writs which the courts may issue, such as writs of arrest, attachment, sequestration, and provisional seizure. There is no question that these writs are equally in aid of the courts’ jurisdiction, yet the right of the Legislature to regulate their issuance has never been seriously contested. The Legislature has even gone so far as to forbid in several instances the issuance of injunctive relief by the courts. R.S. 48:1993; R.S. 47:1575; R.S. 30:218; R.S. 23:1635; R.S. 30:13; R.S. 17:2188; R.S. 39:834; R.S. 26:106; R.S. 26:304. For example, the courts are forbidden to restrain the collection of taxes and to enjoin the payment of unemployment compensation benefits awarded by the Board of Review. The majority opinion casts serious doubt on the validity of all of these statutes.
I respectfully dissent. -